The opinion of the court was delivered by
Fenner, J.
Plaintiff, having sold to defendant certain property, •takes this proceeding to compel defendant to accept the title tendered and to comply with the terms of sale.
Defendant, admitting the sale and his willingness to execute the same on receiving a good title, objects to the title tendered on the ground that plaintiff acquired under a sale for partition made in the matter of the succession of Charles Hickey, in which minors were interested, and which proceedings were void because' there was no citation to the minors and because they did not, in other- respects, conform to the requirements of law.
The sale, under which plaintiff acquired, was made in virtue of Act No. 25 of 1878, which provides:
“When two or inore, persons, some or all of whom are minors, hold property in common, and it is the wish of any one of them, or, if a minor represented by his tutor or tutrix, to effect a partition on the advice of a family meeting, duly convened according to law, to represent the minor or minors, said property may be sold at private sale for its appraised value, said appraisement and the terms of said sale to be fixed by the family meeting, and said proceedings to be homologated by the judge of probates of the parish in which said minor resides.”
The property in controversy was inherited from Charles Hickey by his three minor children, and was under the administration of their mother and natural tutrix.
*483 One of the children, arriving at the age of majority, presented a petition to the court, under whose authority the tutrix was administering, complying, in all respects, with the above act, and praying for the calling of a family meeting in behalf of the minor co-heirs, to advise whether or not the property should be sold at private sale and to fix its appraisement and the terms of sale.
The family meeting was ordered and. duly held, and, with the concurrence of the under tutor, advised in favor of the private sale and fixed the appraisement and terms.
The. tutrix of the minors and the major heir united, in a petition to the court presenting the proces verbal of the family meeting and praying for its homologation and for the appropriate order of sale. The court granted its order accordingly; and, in pursuance thereof, the tutrix and the major heir sold the property to plaintiff herein for a price exceeding the appraisement, which she duly paid, and received the title.
If Act 25 of 1878, above quoted, means anything, it certainly authorizes the sale of property, in which minors are interested in indivisión, in the manner here pursued, and sanctions the title passed to the purchaser by such a sale.
We fail to discover any requirement of the act which has not been literally complied with. The act does not expressly require citation of the minors through their tutrix, but, doubtless, the necessity of making the tutrix a party is fully implied.
In this case, however, the participation of the tutrix is established by the fact that she joined in the prayer for the homologation of the proceedings of the family meeting and for the oz’der of sale, and joined in the act of sale.
As we said in Durruty’s case, recently decided, the purchaser, who has paid the price under such a sale, is not concerned with further proceedings in partition of the price between those interested therein.
We think the title tendered is good.
Judgment affirmed.